IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAROSLAVA SHAHIN AND
GHASSAN SHAHIN,                                          CASE NO.:

     Plaintiffs,

vs.

NATIONSTAR MORTGAGE, LLC,                      DEMAND FOR JURY TRIAL

     Defendant,
_____/

## VERIFIED COMPLAINT

**COMES NOW**, Plaintiffs, JAROSLAVA SHAHIN AND GHASSAN SHAHIN (hereafter "Plaintiffs"), by and through undersigned counsel, and hereby sue Defendant, NATIONSTAR MORTGAGE, LLC, (hereafter "Defendant"), and state as follows:

## PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

## JURISDICTION AND VENUE

1.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C § 1332, diversity jurisdiction.

2.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transacts business in this District.

## FACTUAL ALLEGATIONS

4. Plaintiffs are individuals residing in Pinellas County, Florida.

5. Plaintiffs are consumers as defined by the FCCPA, Fla. Stat. § 559.55(2).

6. Defendant is a foreign limited liability company as registered with the Florida Department of State, Division of Corporations.

7. Defendant is a "Creditor," as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including Pinellas County, Florida.

8. Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

9. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Pinellas County, Florida, by the Defendant's placing of telephone calls to Plaintiffs cellular telephones in an attempt to collect a debt.

10. Defendant, at all material times, was attempting to collect a debt relating to a Nationstar Mortgage, Account No. ending in –2310.

11. The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

12. Plaintiffs revoked any prior express consent to contact Plaintiffs via cell phone or any other form of communication on July 11, 2014, when Plaintiffs advised Defendant in writing to stop calling their cellular telephones and directed Defendant to contact their attorney.

13. All calls to Plaintiffs' cell phones were made after Plaintiffs revoked any "alleged" consent and without the "prior express consent" of Plaintiffs.

14. Additionally, on January 23, 2015, Plaintiffs' attorney filed a Notice of Appearance in the foreclosure action filed in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida, Case No.: 14-009087-CI, advising Defendant that Plaintiffs were represented by counsel.

15. Plaintiff, JAROSLAVA SHAHIN, is the regular user and carrier of the cellular telephone number ending in -5605 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

16. Plaintiff, GHASSAN SHAHIN, is the regular user and carrier of the cellular telephone number ending in -0524 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

17. Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice from Plaintiffs to cease any and all calls and after Plaintiffs withdrew any prior consent or permission to be contacted on July 11, 2014.

18. Defendant knowingly and/or willfully called Plaintiffs' cellular telephones after Defendant had unequivocal notice that Plaintiffs were represented by an attorney and could readily ascertain the Firm's contact information.

19. Defendant knowingly and/or willfully harassed and abused Plaintiffs by calling Plaintiffs' cellular telephones up to three (3) times per day from July 11, 2014 through April of 2015.

20. Defendant used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiffs cellular telephones after Defendant was advised on July 11, 2014 not to contact Plaintiffs.

21. The telephone numbers, including, but not limited to, 888-811-5279, 813-434-1744, 866-316-2432, 972-894-1040, are phone numbers of Defendant that were used to call Plaintiffs' cellular telephones.

22. Defendant placed calls to Plaintiffs' cellular telephones that included delays in time before the telephone call was transferred to a representative to speak.

23. Plaintiffs did not speak with a representative during some of the phone calls placed by Defendant because there was no representative on the telephone call that spoke or attempted to communicate with Plaintiffs after Plaintiffs answered the telephone call.

24. Some of the representatives sounded like artificial or pre-recorded voices.

25. Plaintiffs' attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiffs, and Plaintiffs did not initiate any communications.

26. The calls from Defendant to Plaintiffs' cellular telephones continued despite Plaintiffs expressly revoking their consent.

27. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

28. None of Defendant's telephone calls placed to Plaintiffs were made with Plaintiffs' "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

29. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)
JAROSLAVA SHAHIN v. NATIONSTAR MORTGAGE, LLC

30. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

31. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

32. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

33. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

34. Additionally, Defendant continued to make telephone calls to Plaintiff's cellular telephone after being notified in writing not to contact Plaintiff and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, NATIONSTAR MORTGAGE, LLC, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e. any other relief the Court deems just and proper.

**COUNT II**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**
GHASSAN SHAHIN v. NATIONSTAR MORTGAGE, LLC

35. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

36. Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

37. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

38. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

39. Additionally, Defendant continued to make telephone calls to Plaintiff's cellular telephone after being notified in writing not to contact Plaintiff and to direct any and all future contact to Plaintiff's attorney.

**WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant, NATIONSTAR MORTGAGE, LLC, for the following relief:

    f. any actual damages sustained by Plaintiff as a result of the above allegations;

    g. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    h. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    i. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    j. any other relief the Court deems just and proper.

## COUNT III
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)
JAROSLAVA SHAHIN v. NATIONSTAR MORTGAGE, LLC

40. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

41. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

42. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

43. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JAROSLAVA SHAHIN, demands judgment against Defendant, NATIONSTAR MORTGAGE, LLC, for the following relief:

    a. any actual damages sustained by Plaintiff as a result of the above allegations;

    b. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e. any other relief the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)
GHASSAN SHAHIN v. NATIONSTAR MORTGAGE, LLC

44. Plaintiff incorporates all allegations in paragraphs 1-29 as if stated fully herein.

45. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

46. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

47. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, GHASSAN SHAHIN, demands judgment against Defendant, NATIONSTAR MORTGAGE, LLC, for the following relief:

    f. any actual damages sustained by Plaintiff as a result of the above allegations;

    g. statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

    h. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    i. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    j. any other relief the Court deems just and proper.

## COUNT V
## VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

48. Plaintiffs incorporate all allegations in paragraphs 1-29 as if stated fully herein.

49. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

50. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiffs' cellular telephones.

51. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiffs' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice.

52. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiffs, JAROSLAVA SHAHIN AND GHASSAN SHAHIN, demand judgment against Defendant, NATIONSTAR MORTGAGE, LLC, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after Plaintiffs' revocation;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury as to all issues.

## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

*Jaroslava Shahin*
JAROSLAVA SHAHIN

STATE OF FLORIDA
COUNTY OF __Pinellas__

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this __10th__ day of __March__, 2017, by JAROSLAVA SHAHIN, who is personally known to me or who produced __FL DL__ as identification and who did take an oath.

CHRISTINE M. GUZMAN
MY COMMISSION # FF 028688
EXPIRES: August 3, 2017
Bonded Thru Budget Notary Services

_____
Signature of Notary Public
Print, Type, Stamp Name of Notary


## VERIFICATION

Under penalty of perjury, I have read the foregoing and it is true and correct.

_____
GHASSAN SHAHIN

STATE OF FLORIDA
COUNTY OF __Pinellas__

The foregoing instrument was subscribed, acknowledged, sworn to and affirmed before me this __10th__ day of __March__, 2017, by GHASSAN SHAHIN, who is personally known to me or who produced __FL DL__ as identification and who did take an oath.

CHRISTINE M. GUZMAN
MY COMMISSION # FF 028688
EXPIRES: August 3, 2017
Bonded Thru Budget Notary Services

_____
Signature of Notary Public
Print, Type, Stamp Name of Notary

Date: March 17, 2017          **BOSS LAW**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (888) 503-2182
**Attorney for Plaintiffs**